FILED

2015 DEC 30 PM 2:13

TM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ENVER KARAFILI, | Case No. 15cv2817 BEN (MDD) |
|---|---|
| Plaintiff, | **SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |
| v. | |
| RON DAVIS, Warden, | |
| Defendant. | |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along a request to proceed *in forma pauperis*. The Court does not rule on Petitioner's request to proceed *in forma pauperis* because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

**PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his March 1, 2000 conviction in San Diego County Superior Court case number SCD147665. On July 26, 2007, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in Case No. 07cv1372. In that petition, Petitioner challenged his March 1, 2000 conviction in San Diego Superior Court case

number SCD147665 as well. *See Karafili v. Tilton*, No. 07cv1372 (S.D. Cal. filed July 26, 2007) (ECF No. 1 at 1-2). On February 4, 2009, this Court dismissed the petition because it had been filed after the expiration of the one-year statute of limitations. *See id.* (ECF No. 20, Order Dismissing Petition). Petitioner appealed that determination. On September 7, 2011, the Ninth Circuit Court of Appeals affirmed this Court's decision. *Karafili v. Tilton*, No. 09-55388 (9th Cir. Sept. 7, 2011).

Petitioner is now seeking to challenge the sentence imposed as a result the conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice. Petitioner may file a petition in this court only if he obtains the necessary order from the Ninth Circuit Court of Appeals. For Petitioner's convenience, the Clerk of Court shall attach a

///

///

blank Ninth Circuit Application for Leave to File Second or Successive Petition.

**IT IS SO ORDERED.**

DATED: ~~January~~ Dec 30, 201~~6~~5

_____
HON. ROGER T. BENITEZ
United States District Judge